HARDY, Judge.
This is an action by plaintiff to recover workmen’s compensation for alleged total and permanent disability. This case was first appealed to this court by plaintiff from a judgment of the district court denying recovery, and, after hearing of the appeal, we rendered judgment setting aside the judgment of the district court and remanding the case for further proceedings, restricted to the reception of evidence bearing upon the duration of plaintiff’s disability. After granting a rehearing we reinstated our original decree and made the judgment final, Roy v. Guillot, La.App., 84 So.2d 469.
Pursuant to our order of remand the case was reopened and testimony taken on the question of the duration of plaintiff’s disability, following which judgment was rendered in favor of plaintiff awarding compensation as for permanent and total disability from the date of the accident, October 9, 1953, to date of November 22, 1954, and there was further judgment awárding plaintiff compensation upon the *386 basis of 25% permanent partial disability for the period beginning November 22, 1954, and terminating 300 weeks from October 5, 1953. From this judgment defendant has appealed, and plaintiff has answered the appeal, praying that the judgment be amended by allowing compensation on the ground of permanent and total disability for the full statutory period.
The facts involved are set forth in our opinions on original hearing and on rehearing, cited supra. Summarizing our findings, we concluded that plaintiff had satisfactorily established the accident, injury and disability, but we further concluded that the record did not establish the duration of plaintiff’s disability with sufficient certainty to enable us to make a definite adjudication on his claim. For the purpose of supplying this deficiency of proof the case was remanded.
The trial on remand consisted of the lay testimony of plaintiff and three witnesses in his behalf and the medical testimony of Dr. S. R. Abramson, a general practitioner of Marksville, Louisiana. Defendant tendered the testimony of eleven lay witnesses and the medical testimony of Dr. T. E. Banks, an orthopedic specialist of Alexandria, Louisiana.
The evidence adduced with respect to the duration of plaintiff’s disability still leaves much to be desired in the way of certainty. The testimony of the witnesses for the parties litigant is squarely contradictory, those who testified for plaintiff asserting plaintiff’s inabilit)'- to work and those tendered on behalf of defendant as positively asserting his ability to perform manual labor. It is to be noted that the testimony of plaintiff’s witnesses was largely predicated upon subjective complaints made by the plaintiff, and from these complaints the witnesses uniformly concluded that plaintiff was unable to work.
In view of the irreconcilable conflict of the lay testimony, we think the question as to the duration of plaintiff’s disability must be disposed upon the basis of the medical testimony. The gist of Dr. Abramson’s testimony shows that while he found no real objective symptoms of disability he was forced to give full faith and credit to plaintiff’s protestations of pain and his consequent inability to perform heavy manual labor. The witness somewhat ingenuously explained this position in the following words:
“ * * * a person who tells me he has pain definitely has pain in the back; it is my position to determine why he has pain in the back; this man told me he had it; with motions I made on his back he said he had it and if he had, it does hurt.”
On the other hand, Dr. Banks testified positively that as the result of his examination made May 4, 1954, and a re-examination made April 3, 1956, he could find absolutely no evidence of residual back injury. It must be observed that Dr. Banks had expressed the same opinion on the original trial of this case in June, 1954, upon the basis of his May 4th examination of plaintiff. However, the testimony of Dr. Banks at the time of the original trial was more than overcome by the testimony of another orthopedic specialist, Dr. Kings-ley, supported and corroborated by the testimony of Dr. Abramson. The witness, Dr. Kingsley, was not called to testify at the trial pursuant to our order of remand.
Under this circumstance we feel impelled to accord the greater weight to the testimony of the medical expert who specializes in the field of orthopedics, which comprehends the nature of the injury sustained by plaintiff in this case.
The district judge who fixed the periods of total disability and of partial disability did not set forth his reasons for this specific determination. However, we cannot find, upon the basis of the record before us, any ground for holding that our learned brother was guilty of manifest error with respect to the period of total disability. Not so with reference to the finding of partial permanent disability. *387 Careful examination of the record discloses no possible support for an apportionment of disability on a percentage basis, either in the testimony of the lay witnesses or of the medical experts.
We are of the opinion that plaintiff succeeded in establishing a temporary total disability, but we are equally firm in the conclusion that he completely failed to establish either total or partial permanent disability by the requisite preponderance of the evidence.
For the reasons assigned the judgment appealed from is amended by striking therefrom the award of compensation in favor of plaintiff at the rate of $4.05 per week as for permanent partial disability of twenty-five percent (25%), for a period beginning November 22, 1954, and terminating 300 weeks after October 9, 1953, and, as amended, the same is affirmed at appellant’s cost.